IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| MELVIN BAISDEN<br><br>V.<br><br>SHERIDAN NISSAN | CIVIL ACTION NO.: 06-CV-304 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
## WITH JURY DEMAND

### FIRST DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

### SECOND DEFENSE

1. Admitted.

2. Admitted.

3. The allegations contained in this paragraph are denied as conclusions of law.

4. It is admitted that Plaintiff is African American. It is admitted that for a period of time he worked for Defendant as a sales person. His date of hire was July 26, 2004.

5. The allegations contained in this paragraph are denied.

6. The allegations contained in this paragraph are denied.

7. The allegations contained in this paragraph are denied.

8. The allegations contained in this paragraph are denied.

9. The allegations contained in this paragraph are denied.

10. The allegations contained in this paragraph are denied.

11. The allegations contained in this paragraph are denied.

12. The allegations contained in this paragraph are denied.

13. The allegations contained in this paragraph are denied.

14. The allegations contained in this paragraph are denied.

15. While it is admitted that on November 29, 2004, Plaintiff received two written notifications of warnings given to him on November 27, 2004 the circumstances alleged in Plaintiff's complaint as to the circumstances out of which the warnings were given and the written warning was given to Plaintiff as described in Plaintiff's Complaint are denied.

16. The allegations contained in this paragraph are denied.

17. The allegations contained in this paragraph are denied.

18. The allegations contained in this paragraph are denied.

19. The allegations contained in this paragraph are denied.

20. The allegations contained in this paragraph are denied.

21. The allegations contained in this paragraph are denied.

22. The allegations contained in this paragraph are denied.

23. The allegations contained in this paragraph are denied.

24. The allegations contained in this paragraph are denied.

25. The allegations contained in this paragraph are denied.

26. The allegations contained in this paragraph are denied.

27. The allegations contained in this paragraph are denied.

28. It is admitted that on December 11, 2004 Plaintiff received written confirmation of a warning he received on November 29, 2004 for insubordination. The allegations contained

in Plaintiff's Complaint paragraph 28 as to the circumstances under which the written warning was given to Plaintiff are denied.

29. Denied. The written notification of the warning, being in writing, speaks for itself. The allegations contained in Plaintiff's Complaint paragraph 29 as to the circumstances of November 29, 2004 are denied.

30. The allegations contained in this paragraph are denied.

31. The allegations contained in this paragraph are denied.

32. The allegations contained in this paragraph are denied.

33. The allegations contained in this paragraph are denied.

34. The allegations contained in this paragraph are denied.

35. The allegations contained in this paragraph are denied.

36. The allegations contained in this paragraph are denied.

37. The allegations contained in this paragraph are denied.

38. The allegations contained in this paragraph are denied.

39. The allegations contained in this paragraph are denied.

40. The allegations contained in this paragraph are denied.

41. It is admitted that Plaintiff was discharged from employment by Defendant on January 6, 2004 due to his poor performance as a salesperson.

42. Admitted.

43. Admitted.

## FIRST CAUSE OF ACTION
## RACIAL DISCRIMINATION UNDER TITLE VII

44. Defendant incorporates herein by reference its answer to paragraphs 1 through 43 of Plaintiff's Complaint as though fully set forth herein at length.

45. The allegations contained in this paragraph are denied.

46. The allegations contained in this paragraph are denied.

47. The allegations contained in this paragraph are denied.

48. The allegations contained in this paragraph are denied.

49. The allegations contained in this paragraph are denied.

Wherefore, Defendant prays that judgment be entered in its favor and against Plaintiff.

## SECOND CAUSE OF ACTION
## FAILURE TO PROMOTE UNDER TITLE VII

50. Defendant incorporates herein by reference its answer to paragraphs 1 through 49 of Plaintiff's Complaint as though fully set forth herein at length.

51. The allegations contained in this paragraph are denied.

52. The allegations contained in this paragraph are denied.

53. The allegations contained in this paragraph are denied.

54. The allegations contained in this paragraph are denied.

Wherefore, Defendant prays that judgment be entered in its favor and against Plaintiff.

## THIRD CAUSE OF ACTION
## RACIAL DISCRIMINATION UNDER SECTION 1981

55. Defendant incorporates herein by reference its answer to paragraphs 1 through 54

of Plaintiff's Complaint as though fully set forth herein at length.

56. The allegations contained in this paragraph are denied.

57. The allegations contained in this paragraph are denied.

Wherefore, Defendant prays that judgment be entered in its favor and against Plaintiff.

### FOURTH CAUSE OF ACTION
### BREACH OF CONVANENT OF GOOD FAITH AND FAIR DEALING

58. Defendant incorporates herein by reference its answer to paragraphs 1 through 57 of Plaintiff's Complaint as though fully set forth herein at length.

59. The allegations contained in this paragraph are denied.

60. The allegations contained in this paragraph are denied.

61. The allegations contained in this paragraph are denied.

62. The allegations contained in this paragraph are denied.

Wherefore, Defendant prays that judgment be entered in its favor and against Plaintiff.

### THIRD DEFENSE

At all times material hereto, Defendant had in effect a policy prohibiting harassment and discrimination based on race, ethnicity and color and a procedure for addressing complaints regarding harassment in the workplace.

### FOURTH DEFENSE

At all times material hereto Plaintiff was aware of the policy prohibiting harassment and discrimination based on race.

### FIFTH DEFENSE

Defendant undertook no adverse tangible employment action for the purpose of

discriminating against Plaintiff based on his race or creating a hostile work environment for Plaintiff based on his race.

## SIXTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, on the grounds that Defendant did not treat Plaintiff any differently than any similarly situated Caucasian employee.

## SEVENTH DEFENSE

The claims asserted by Plaintiff are barred because Plaintiff failed to demonstrate an ability to sell or meet performance expectations of the position as sales person and in so doing demonstrated he was not qualified for the position of Finance and Insurance Manager.

## EIGHTH DEFENSE

Plaintiff at no time applied for the position of Finance and Insurance Manager.

## NINTH DEFENSE

Defendant, on advice of counsel, avers that Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

Any and all actions taken or decisions made regarding Plaintiff were based on legitimate, non-discriminatory business reasons.

## ELEVENTH DEFENSE

Defendant has not discriminated against Plaintiff on the basis of his race nor has it subjected Plaintiff to a racially hostile work environment; to the contrary, Defendant at all times acted lawfully toward Plaintiff.

### TWELFTH DEFENSE

At all times material hereto, the Plaintiff's alleged damages, which Defendant denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

### THIRTEENTH DEFENSE

If Plaintiff sustained damages, Defendant avers said damages were due to Plaintiff's own actions and not by an alleged conduct o the part of Defendant.

### FOURTEENTH DEFENSE

Defendant asserts all defenses available to it under the 42 U.S.C. Section 1981

### FIFTEENTH DEFENSE

If Plaintiff experienced problems, as alleged, Plaintiff's claims are barred by the Plaintiff's failure to take advantage of the preventive or correctable opportunities provided by Defendant's internal procedures.

### SIXTEENTH DEFENSE

Rights of action asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to comply fully with the statutory prerequisites to maintain this action.

## NINTEENTH DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands.

WHEREFORE, Defendant, Sheridan Nissan, respectfully requests dismissal of the Complaint and Entry of Judgment in its favor, together with costs, including reasonable attorneys' fees.

## JURY DEMAND

Defendant hereby demands a trial by jury as to all triable issues in this case.

*[signature]*

---

Elizabeth F. Walker, Esquire
Attorney for Defendant, Sheridan Nissan
**Campbell, Walker & Stokes**
1818 Market Street, Suite 2510
Philadelphia, PA 19193
(215) 430-6386
Fax: (913) 498-5547
Email: Elizabeth.Walker@uug.com

---

Megan Trocki Mantzavinos, Esquire
Attorney for Defendant, Sheridan Nissan
**Marks, O'Neill, O'Brien & Courtney, P.C.**
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
(302) 658-6537 (fax)
Email: mmantzavinos@mooclaw.com

## NINTEENTH DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands.

WHEREFORE, Defendant, Sheridan Nissan, respectfully requests dismissal of the Complaint and Entry of Judgment in its favor, together with costs, including reasonable attorneys' fees.

## JURY DEMAND

Defendant hereby demands a trial by jury as to all triable issues in this case.

/s/ *signature*

Attorney for Defendant, Sheridan Nissan
**Campbell, Walker & Stokes**
1818 Market Street, Suite 2510
Philadelphia, PA 19193
(215) 430-6386
Fax: (913) 498-5547
Email: Elizabeth.Walker@uug.com

/s/ *signature*

Megan Trocki Mantzavinos, Esquire
Attorney for Defendant, Sheridan Nissan
**Marks, O'Neill, O'Brien & Courtney, P.C.**
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
(302) 658-6537 (fax)
Email: mmantzavinos@mooclaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 20th day of September 2006, a copy of the foregoing was served by way of first class mail to:

Timothy Wilson, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

_____
Elizabeth F. Walker, Esquire
Attorney for Defendant,
Sheridan Nissan
**CAMPBELL, WALKER & STOKES**
1818 Market Street, Suite 2510
Philadelphia, PA 19193
(215) 430-6386
Fax: (913) 498-5547
Email: Elizabeth.Walker@uug.com