IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVIN BAISDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-304 (GMS) |
| | ) | |
| SHERIDAN NISSAN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

    **Jurisdiction and Service.** This matter is pending under Federal Statutes 42 U.S.C. §2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 704(a) of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. The state law breach of covenant of good faith and fair dealing is brought pursuant to the pendent jurisdiction of this Court.

    There is no dispute as to subject matter jurisdiction and Defendant was properly served with the Complaint.

**Substance of the Action.** Plaintiff was employed by Defendant as a sales person from July 2003 to January 2, 2004. Plaintiff alleges that he was subject to racial discrimination in the terms and conditions of his employment and in the decision to discharge him. Plaintiff further alleges that Defendant dealt with him unfairly in the terms and conditions of his employment breaching the covenant of good faith and fair dealing. Defendant denies that Plaintiff was discriminated against based on his race and further submits that despite efforts to help Plaintiff succeed as a car sales person, his performance was less than satisfactory and was the reason he was discharged.

**Identification of Issues.** What factual and legal issues are genuinely in dispute?

    Based on the allegations contained in Plaintiff's complaint there are factual and legal disputes as to what occurred during the course of Plaintiff's employment and the motivations of the managers in deciding to discharge Plaintiff.

**Narrowing of Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

Not at this time.

**Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

Plaintiff seeks damages in terms of past and future lost wages in an amount that is unable to be calculated at present, compensation for mental anguish, punitive damages, attorneys fees and costs.

**Amendment of Pleadings?** None at this time.

**Joinder of Parties?** None at this time.

**Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

Plaintiff will seek to obtain his employment file, various policies of Defendants regarding discrimination and treatment of employees, information regarding complaints or allegations of discrimination by other past or present employees of Defendants, depositions of employees of Defendant. Documents that Defendant may rely upon for its defense, documents containing communications made by or between Defendants' employees regarding Plaintiff, Plaintiff's performance or other means of evaluations, any and all documentation relied upon by Defendants utilized or taken into consideration when terminating, demoting or otherwise taking adverse employment action against Plaintiff. Plaintiff reserves the right to request other information not included in this paragraph as discovery progresses.

Defendant wants the deposition of Plaintiff and some documents evidencing efforts made by Plaintiff to mitigate damages and information regarding prior and subsequent employment and earnings.

**Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

There is no agreement to bifurcate this case as Plaintiff's counsel's position is that it is neither feasible nor desirable to bifurcate issues for trial. Counsel will work toward stipulating to issues to reduce the length of trial. The length of trial is estimated by counsel to take 3 to 4 days.

**Jury trial?** Yes.

**Settlement.** Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

The attorneys have engaged in no settlement discussions at this time. The attorneys have conferred on this subject and agree that an early mediation before a Magistrate is appropriate in this case.

Counsel for the parties have conferred about each of the above matters.

_____
Timothy Wilson, Esquire
Attorney for Plaintiff
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
fax) (302) 777-4682
email: twilson@margolisedelstein.com

_____
Elizabeth F. Walker, Esquire
Attorney for Defendant
CAMPBELL, WALKER & STOKES
1818 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 430-6386
(fax) 913-498-5547
email: beth.walker@zurichna.com


   /s/ Megan Trocki Mantzavinos
Megan Trocki Mantzavinos
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
(302) 658-6537 (fax)
Email: mmantzavinos@mooclaw.com