IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVIN BAISDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-304 (GMS) |
| | ) | |
| SHERIDAN NISSAN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Melvin Baisden ("Plaintiff" or "Mr. Baisden") hereby requests that Defendant Sheridan Nissan ("Defendant" or "Sheridan") produce the following designated documents for inspection and copying at a date and time within thirty (30) days of the date of service, at a place and time to be mutually agreed upon by the parties.

### DEFINITIONS

A.    The word "document" or "documents" as used herein is employed in the broadest possible sense and shall include without limitation the original and any non-identical copy of any written, printed, typed, photographic, recorded or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes, logs, telegrams, videotapes, audiotapes, tape recordings, reports, diaries, transcripts of telephone or other conversations or any other writings of any nature whatsoever, other photographic and retrievable matter (whether taped or coded,

electrostatically, electromagnetically, or otherwise) in possession, custody or control of the above-named Plaintiff and/or her attorneys.

      B.    "Person" refers to the plural as well as the singular of any natural person, firm, corporation, association, group, partnership or organization, unless specifically stated otherwise.

      C.    "You" and "Your," as used in this Request, shall mean the Defendant Sheridan Nissan and any corporate affiliates, parent corporations, subsidiaries or any of their employees, agents, and all other persons acting on their behalf, including their attorneys.

      D.    The term "occurrence" refers to the subject matter of the Complaint.

      E.    The term "harass" shall mean to trouble, worry, or torment, as with cares, repeated questions, unwelcome or unfriendly comments or actions.

      F.    The term "discriminate" shall mean unfair treatment or denial of normal privileges to persons because of their race, age, sex, nationality or religion. A failure to treat all persons equally where no reasonable distinction can be found between thos favored and those not favored.

      G.    The term "machine" shall refer to the device referred to in the Complaint as the "machine." It is the device that salesmen were allegedly required to show to customers prior to finalizing the sale of a vehicle at Sheridan Nissan.

# INSTRUCTIONS

1.    If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.    Whenever, in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

(a).    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

(b).    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶ 2(a), above, please state the reason for withholding the document.

3.    When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regarding to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.    If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

5.    In responding to this Request, the responding party is requested to furnish all documents that are in his possession, custody or control, including information in the possession of his attorneys or other persons directly or indirectly employed or retained by him, or connected with the responding party or his attorneys, or anyone else acting on his behalf or otherwise subject to his control.

6.    If the responding party cannot respond to any document request in full, he should respond to the fullest extent possible, explain why he cannot respond to the remainder, and describe the nature of the documents that he cannot furnish.

7.    If, in responding to this Request for Production of Documents, the responding party encounters any ambiguities when construing a request or definition, the

response shall set forth the matter deemed ambiguous and the construction used in responding.

8.    Any verb stated in the present shall also be construed in the past, future or other tense and vice versa.

9.    Any term stated in the singular shall be construed in the plural and vice versa, to make the request inclusive rather than exclusive.

10.    Any sentence stated in the disjunctive shall also be construed in the conjunctive and vice versa, to make the request inclusive rather than exclusive.

11.    Any pronoun in the masculine shall also be construed in the feminine and vice versa.

12.    Any reference to "and" includes "or."  Any reference to "or" includes "and."

13.    If any document requested was at one time in existence, but is no longer in existence, your response must state for each document:

(a)    the type of document;

(b)    the date upon which it ceased to exist;

(c)    the circumstances under which it ceased to exist;

(d)    the name, address, and telephone number of each person having knowledge of the circumstances under which it ceased to exist; and

(e)    the name, address and telephone number of each person having knowledge of the contents thereof.

14.    If the requested documents[s] is maintained in a file, the file folder is included in the request for production of those documents.

## DOCUMENTS REQUESTED

*REQUEST NO. 1:*    The Plaintiff's personnel file, including those documents and writings that were used to determine his qualifications for employment, promotions, transfers, salary raises, pension eligibility, termination or other disciplinary action.

*RESPONSE:*


*REQUEST NO. 2:*    The    entire    personnel    files    of    the    following individuals/groups of individuals:

    (a) Justin Bellinzoni;

    (b) Chris Blaylock;

    (c) Allan McCormick;

    (d) George Yang;

    (e) Phil Richardson;

    (f) All salesmen employed by Defendant during the calendar years 2003 – 2005.

*RESPONSE:*


*REQUEST NO. 3:*    Plaintiff's application for employment at Defendant.

*RESPONSE:*


*REQUEST NO. 4:*    Memoranda, notes or any other form of recorded information taken prior to, during or subsequent to Plaintiff's initial employment interview with Defendant pertaining to the interview or Plaintiff's job qualifications or any other pertinent information regarding Plaintiff's candidacy for employment.

*RESPONSE:*

*REQUEST NO. 5:*    Defendant's offer of employment to Plaintiff and/or any documents relating to Defendant's offer of employment to Plaintiff and or any other forms of communication relating to Defendant's offer of employment to Plaintiff.

*RESPONSE:*

*REQUEST NO. 6 :*    Any resume or job application of Plaintiff that Defendant had before hiring Plaintiff.

*RESPONSE:*

*REQUEST NO. 7:*    Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for every eyar of his employment at Defendant.

*RESPONSE:*

*REQUEST NO. 8:*    Performance evaluations or job reviews of Plaintiff during each of the years of employment for Defendant.

*RESPONSE:*

*REQUEST NO. 9:*    Any complaints concerning the work performance of Plaintiff and any warning notices to Plaintiff about these complaints during his employment.

**RESPONSE:**


**REQUEST NO. 10:** Any written description of each position held by Plaintiff during his employment for Defendant.

**RESPONSE:**


**REQUEST NO. 11** All written contracts entered into between Plaintiff and Defendant.

**RESPONSE:**


**REQUEST NO. 12:** All documents, notes, writings or memoranda describing or summarizing any oral agreements between Plaintiff and Defendant.

**RESPONSE:**


**REQUEST NO. 13:** Memoranda of any exit interview of Plaintiff.

**RESPONSE:**


**REQUEST NO. 14:** All documents pertaining to the hiring of Plaintiff by Defendant.

**RESPONSE:**


**REQUEST NO. 15:** All forms or applications for life and health insurance completed by the Plaintiff while in the employ of Defendant.

*RESPONSE:*

*REQUEST NO. 16:* Copies of any references Defendant received regarding Plaintiff. Specifically included in this Request are copies of any background investigation or reference check of the Plaintiff conducted by any past or present employee or agent of the Defendant before the Plaintiff was hired.

*RESPONSE:*

*REQUEST NO. 17:* Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for every year of her employment at Defendant.

*RESPONSE:*

*REQUEST NO. 18:* All pension plans and descriptive brochures describing any retirement benefits available to Plaintiff during his employment.

*RESPONSE:*

*REQUEST NO. 19:* All documents, writings or other memoranda describing fringe benefits which the Plaintiff was eligible to receive from the Defendant.

*RESPONSE:*

*REQUEST NO. 20:* Documents describing the amount of earned but unpaid vacation pay of the Plaintiff at the time his employment with Defendant terminated.

*RESPONSE:*


**REQUEST NO. 21:** Documents describing the formula for granting any severance pay from the Defendant to the Plaintiff.

*RESPONSE:*


**REQUEST NO. 22:** Documents describing the amounts of severance pay granted by the Defendant to any individual whose employment was terminated by Defendant either voluntarily or involuntarily during the years 2002 to present.

*RESPONSE:*


**REQUEST NO. 23:** Performance evaluations, job reviews or appraisals of the Plaintiff during each of the years of his employment with Defendant.

*RESPONSE:*


**REQUEST NO. 24:** All investigative reports conducted by the Defendant or others on the Defendant's behalf into the reasons for discharging the Plaintiff, whether contained in Plaintiff's personnel file or not.

*RESPONSE:*


**REQUEST NO. 25:** All documents, including statistical data and performance evaluations of other employees that the Defendant considered in arriving at the decision to terminate Plaintiff's employment.

*RESPONSE:*

*REQUEST NO. 26:* All written inquiries to the Defendant from prospective employers of the Plaintiff about his employment record with the Defendant, and Defendant's responses to each such inquiry.

*RESPONSE:*

*REQUEST NO. 27:* Documents, letters and memoranda between Plaintiff and any employees, officers, or directors of the Defendant regarding the Plaintiff's employment by the Defendant.

*RESPONSE:*

*REQUEST NO. 28:* Documents sent by the Defendant to the Delaware Department of Labor relating to any claim for unemployment compensation by Plaintiff.

*RESPONSE:*

*REQUEST NO. 29:* The written descriptions and the necessary qualifications of all positions held by the Plaintiff during his employment at the Defendant.

*RESPONSE:*

*REQUEST NO. 30:* All documents, notes, writings or memoranda describing or summarizing any oral agreements between the Plaintiff and Defendant.

*RESPONSE:*

11

**REQUEST NO. 31:** All correspondence between the Plaintiff and Defenant during the calendar years 2003 through and including 2007.

**RESPONSE:**

**REQUEST NO. 32:** Documents, letters or memoranda of any conversations between Defendant and any past or present employee, officer or director of the Defendant regarding the Plaintiff's job performance, the Defendant's decision to terminate him, and any of the allegations of the Plaintiff in the above-entitled proceeding.

**RESPONSE:**

**REQUEST NO. 33:** All documents describing, summarizing or referring to conversations between the Plaintiff and any employee of the Defendant regarding the Plaintiff's job performance.

**RESPONSE:**

**REQUEST NO. 34:** Any diary, pocket calendar, desk calendar, journal or other means of periodically recording materials or notes recorded or kept by Plaintiff covering the period of his employment.

**RESPONSE:**

**REQUEST NO. 35:** Defendants guidelines, policies and procedures in effect during the calendar years 2003 to and including 2005 describing the following:

(a) The hiring of employees;

(b) The discipline and termination of employees;

(c) The performance evaluations of employees;

(d) The transfer and promotion of employees; and

(e) Reviews of wages, commissions and fringe benefits of during those years.

**RESPONSE:**


**REQUEST NO. 36:** All documents describing the Defendant's policies, guidelines and procedures to be followed when terminating employees during the calendar years 2003 to and including 2005.

**RESPONSE:**


**REQUEST NO. 37:** Reports to Defendant corporate headquarters regarding the discharge of employees during the years 2003 to and including 2005.

**RESPONSE:**


**REQUEST NO. 38:** The resume and personnel file of any individual other that Plaintiff who was *offered* the position of salesman during the calendar years 2003 to present.

**RESPONSE:**


**REQUEST NO. 39:** Defendant's complete payroll, salary and wage records for any and all salesmen for the calendar years 2003 to 2006.

*RESPONSE:*


*REQUEST NO. 40:* Documents, including job descriptions which define, specify, explain, or otherwise relate to the qualifications for or requirements of the position of salesman, and which have been utilized by the Defendant at any time since 2003.

*RESPONSE:*


*REQUEST NO. 41:* All documents sent by the Defendant to the Delaware Department of Labor or the Equal Employment Opportunity Commission responding to Plaintiff's charge of discrimination, and to any request for information from either of those two entities during the years 2001 to present.

*RESPONSE:*


*REQUEST NO. 42:* Copies of all charges of discrimination filed against the Defendant since with the Delaware Department of Labor or the Equal Employment Opportunity Commission from 2001 to present.

*RESPONSE:*


*REQUEST NO. 43:* All documents describing or in any way pertaining to any investigation conducted by the Defendant of Plaintiff's charges of discrimination.

*RESPONSE:*

**REQUEST NO. 44:** Any policy of Defendant in place during the years 2003 through and including 2005 that prohibited discrimination based upon race.

**RESPONSE:**


**REQUEST NO. 45:** Any complaints, whether from any employee of Defendant or any customer of Defendant, from 2002 to present, and any written warning notices these complaints pertaining to the following individuals:

    (a)    Chris Blaylock;

    (b)    Allan McCormick;

    (c)    George Yang;

    (d)    Phil Richardson; and

    (e)    Justin Bellinzoni.

**RESPONSE:**


**REQUEST NO. 46:** Documents describing any discipline of the following individuals for the years 2001 through present:

    (f)    Chris Blaylock;

    (g)    Allan McCormick;

    (h)    George Yang;

    (i)    Phil Richardson; and

    (j)    Justin Bellinzoni.

**RESPONSE:**

**REQUEST NO. 47:** Employment agreements, correspondence and documents by which the Defendant retained any person, corporation or entity to act as an expert witness advisor or consultant in the above-captioned proceeding.

**RESPONSE:**

**REQUEST NO. 48:** The current resume, curriculum vitae, or list of qualifications of any expert witness, advisor or consultant who has been retained by the Defendant in the above-captioned proceeding.

**RESPONSE:**

**REQUEST NO. 49:** All reports, studies and other commentaries, formal or informal, of any expert witness, consultant or advisor who has been retained by the Defendant in the above-captioned proceeding.

**RESPONSE:**

**REQUEST NO. 50:** Any reports, whether prepared by an expert, consultants or otherwise, evaluating the work of the Plaintiff or comparing his job and work performance to other employees performing similar functions.

**RESPONSE:**

**REQUEST NO. 51:** Documents describing the amount of and basis for computing all commissions paid by the Defendant to the Plaintiff during his employment.

**RESPONSE:**

***REQUEST NO. 52:*** Documents describing the amount of and basis for computing all commissions paid by the Defendant to any salesman employed during the years 2003 to and including 2005.

    ***RESPONSE:***


***REQUEST NO. 53:*** Any cover letter, correspondence or memorandum from the Defendant to the Plaintiff enclosing, describing, explaining or referring to the commission policy identified in Requests 51 and 52 above.

    ***RESPONSE:***


***REQUEST NO. 54:*** The Defendant's policy, schedule or formula according to which it pays commissions to its salesmen, including Plaintiff from 2003 through 2005.

    ***RESPONSE:***


***REQUEST NO. 55:*** Organization charts, diagrams, drawings and other documents showing the organization structure of the Defendant, its subsidiaries and divisions, during the years 2003 through and including 2005.

    ***RESPONSE:***


***REQUEST NO. 56:*** Any documentation that demonstrates the racial makeup of Defendant's employees from 2001 to present.

    ***RESPONSE:***

**REQUEST NO. 57:** All documents or writings, including employee manuals and personnel policies, describing or in any way relating to procedures for the termination, with or without cause, of the defendant's employees in effect on the date of the Plaintiff's termination in 2005.

**RESPONSE:**

**REQUEST NO. 58:** The entire Personnel Manual or Employee Handbook of the Defendant in effect from 2003 through and including 2005.

**RESPONSE:**

**REQUEST NO. 59:** The entire Supervisor's Manual or Handbook, or any handbook used by supervisors that pertained to dealing with employees, of the Defendant in effect from 2003 through and including 2005.

**RESPONSE:**

**REQUEST NO. 60:** Insurance policies of the Defendant insuring it against liability for claims of the Plaintiff in the above-entitled proceeding.

**RESPONSE:**

**REQUEST NO. 61:** Insurance policies of the Defendant insuring it against liability for any claims of employment discrimination, including those in the above-captioned proceeding.

**RESPONSE:**

**REQUEST NO. 62:** Any "reservation of rights" letter from the Defendant's insurer regarding the above-captioned proceeding.

**RESPONSE:**

**REQUEST NO. 63:** The Articles of Incorporation, and the By-Laws of Defendant, and the Corporate Minutes of Defendant for 2003, 2004 and 2005.

**RESPONSE:**

**REQUEST NO. 64:** Copies of all annual financial statements of the Defendant showing its assets, gross income, net income, liabilities and net worth prepared for the years 2003 through and including 2005.

**RESPONSE:**

**REQUEST NO. 65:** Any diary, pocket calendar, desk calendar, journal or other means of periodically recording materials or notes recorded or kept by the following individuals during the calendar years 2003-2005.

**RESPONSE:**

**REQUEST NO. 66:** The resume and personnel file of any individual who was offered the position of finance manager from 2002 to present.

**RESPONSE:**

**REQUEST NO. 67:** Any documents evidencing the training or certification of any employees of Defendant for the operation of the "machine" from 2001 to present.

**RESPONSE:**


**REQUEST NO. 68:** Any operating manual or instructions utilized by Defendant in 2003, 2004 or 2005 explaining how to operate the "machine."

**RESPONSE:**


**REQUEST NO. 69:** All receipts issued by the "machine" during 2003, 2004, and 2005 evidencing that a salesman had showed, demonstrated or otherwise exposed a customer to the "machine" prior to selling that individual an automobile or truck at Sheridan Nissan.

**RESPONSE:**


**REQUEST NO. 70:** All receipts from all automobiles or trucks sold during 2003, 2004 or 2005 by Defendant Sheridan Nissan.

**RESPONSE:**


**REQUEST NO. 71:** All documentation evidencing maintenance on, repairs to, or downtime of the machine during the years 2003, 2004 and 2005.

**RESPONSE:**

**REQUEST NO. 72:**  All documentation or writings to Defendant's employees that indicated in any way that they were required to utilize the "machine" from 2002 to present.

**RESPONSE:**

**REQUEST NO. 73:**  All documentation or writings evidencing discipline to be handed out for failure to use the "machine" prior to a sale from 2002 through present.

**RESPONSE:**

**REQUEST NO. 74:**  All documentation pertaining to a conflict between Plaintiff and Justin Bellinzoni in December of 2004.

**RESPONSE:**

**REQUEST NO. 75:**  All documentation pertaining to the sale of a vehicle to Juanita Summers.

**RESPONSE:**

**REQUEST NO. 76:**  All documentation pertaining in any way to the racial makeup of customers to whom Sheridan Nissan sold vehicles to from 2001 through present.

MARTIN & WILSON

Timothy J. Wilson, (# 4323)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4681
(302) 777-5803 fax
*Attorney for Plaintiff*

Dated:  June 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MELVIN BAISDEN,                           )
                                          )
                Plaintiff,                )
                                          )
        v.                                )        Civil Action No. 06-304 (GMS)
                                          )
SHERIDAN NISSAN,                          )
                                          )
                                          )
                Defendant.                )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two (2) true and correct copies of the

foregoing ***Plaintiff's First Request for Production of Documents*** were mailed U.S.

Postal Mail on June 5, 2007, to the following:

Megan Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
        *and*
Elizabeth F. Walker, Esquire
Campbell, Walker & Stokes
1818 Market Street, Suite 2510
Philadelphia, PA 19103

                              MARTIN & WILSON, P.A.



                              Timothy J. Wilson, (# 4323)
                              1509 Gilpin Avenue
                              Wilmington, DE 19806
                              (302) 777-4681
                              (303) 777-5803 fax
                              *Attorney for Plaintiff*

Dated:  June 5, 2007