IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVIN BAISDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-304 (GMS) |
| | ) | |
| SHERIDAN NISSAN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Melvin Baisden, by and through his attorney, Timothy J. Wilson, hereby propounds the following Interrogatories upon Defendant Sheridan Nissan to be answered in writing under oath within thirty (30) days of service hereof.

**I. INSTRUCTIONS**

1.  The following interrogatories shall be continuing to the full extent permitted by law.

2.  If any information or document is withheld on grounds of privilege or other protection from disclosure, provide the following information: (a) Every person to whom such information or document has been communicated and from whom such information was learned; (b) The nature and subject matter of the information or document; and (c) The basis on which the privilege or other protection from disclosure is claimed.

## II. DEFINITIONS

1. "Defendant" or "You" means Sheridan Nissan including all officers, directors, attorneys, agents, employees, and representatives acting on behalf of the Defendant.

2. "Plaintiff" means Melvin Baisden and/or all attorneys, agents, employees and representatives acting on his behalf.

3. "Complaint" shall refer to the Complaint filed by Melvin Baisden in the above-captioned matter.

4. "Every document" means every writing or record, however produced, reproduced, or preserved, including but not limited to, every book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, interoffice or intra-office communication, memorandum reflecting an oral communication, agreement, handwritten or other notes, diaries and calendars, working paper, draft application, permit, chart, drawing, graph, survey, index, audiotape, videotape, or computer tape, disk, diskette, or other computerized data, data sheet, computer printout, and every other written, typed, recorded, transcribed, filed or graphic matter, except such documents as are immune from production under any applicable provisions of law.

5. "Person" includes individuals, firms, partnerships, corporations, proprietorships, associations, trusts, estates, governmental units, and every other type of organization or entity.

6. "Date" means the exact date, month and year, if ascertainable; otherwise, the word "date" means the best available approximation, including relationships to other events.

7. "Identify" when used in reference to:

(a) An individual means to state his or her full name, present or last known residence address (designating which) and telephone number, and present or last known (designating which) business affiliation, job title, employment address and telephone number;

(b) A firm, partnership, corporation, proprietorship, association, trust, estate, or other organization or entity means to state its full name and its present or last known (designating which) address and telephone number; and

(c) A document means to state the title (if any), date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some better means of identifying it, a summary of its contents, and its present location or custodian.

8. The term "describe in detail" shall mean to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of law, and to particularize as to time, place and manner.

## INTERROGATORIES

1.  Identify any person, including Yourself, who You know or believe has any knowledge of the facts alleged in the Complaint. With respect to each person identified, describe in detail the factual knowledge You believe each person has and state how You became aware that each identified person had such knowledge.

**ANSWER:**


2.  Identify all experts whom You have reason to believe You will call to testify at trial and disclose the information required by the Federal Rule of Civil Procedure 26(a)(2).

**ANSWER:**


3.  Identify each consulting expert You have retained in this action who You do not intend to call to testify at trial, and for each such expert identify the individual's professional area of expertise and the date on which You first retained him or her.

**ANSWER:**


4.  Identify each person with whom You discussed the facts and circumstances surrounding the Complaint filed in the above-captioned matter, and as to each person so identified, provide the following information:

    (a)  the date(s) the discussion(s) occurred;
    (b)  who initiated the discussion; and
    (c)  a summary of the discussion including each topic discussed.

**ANSWER:**

5. Identify each person from whom You have obtained or will obtain a written or oral report, statement, memorandum, affidavit, declaration or testimony regarding the allegations of Plaintiff's Complaint, contrary or otherwise, state the date that such written or oral report, statement, memoranda, affidavit, declaration or testimony was taken, and the nature and content of such written or oral report, statement, memoranda, affidavit, declaration or testimony.

**ANSWER:**

6. Other than Your current attorneys, identify by name and address, all persons with whom You have had any conversations concerning the allegations in Plaintiff's Complaint, and describe the substance of those conversation(s).

**ANSWER:**

7. If You, Your attorneys, or any other person acting on Your behalf inquired of any present or former employee of Sheridan Nissan as to whether he or she believes that he or she has been harassed or discriminated against during his or her employment with the Defendant, please identify the following information: the person to whom the inquiry was made; when the inquiry was made; any notes, memoranda, correspondence or tape recordings of, or relating to, the inquiry; and the information communicated from the person, or to the person, as part of the inquiry.

**ANSWER:**

8. Identify all persons with whom You discussed, either verbally or in writing, Plaintiff's claims of wrongful termination of employment or job, rejection for

employment, suspension of employment, any transfer, lack of promotion or demotion of employment, any grievances related to employment or job, and/or retaliation, harassment and/or discrimination in employment, and provide the dates upon which any such discussions occurred, the identity of others present or aware of Your discussions and a summary of what You discussed with the person(s), and what they stated to You.

**ANSWER:**


9. Identify any individual who You believe may testify at trial.

**ANSWER:**


10. Identify each and every litigation, charge, complaint or action ("complaint") brought against You before any federal, state or local agency or court by any of Your past, present or prospective employees, or by any other entity, which in any way relates to employment or job, For each such complaint, identify by whom the complaint was made, to whom the complaint was addressed, the date on which the complaint was made, the charge, case or docket number associated with the complaint, any person(s) who would have witnessed the complaint, whether the complaint was reduced to writing, the substance of the complaint, any response received and the outcome of each complaint.

**ANSWER:**


11. Please state the official name(s), address(es), telephone number(s) and state(s) of incorporation, if applicable, for the Defendant named in Plaintiff's Complaint.

**ANSWER:**

12.  Please list Plaintiff's employment history with Defendants, including, but not limited to, all employment positions held, including description of job duties/responsibilities, from hiring to termination, salary information for each position, raises given, benefits other than wages offered, layoff and rehire information, and any awards or commendations given to Plaintiff while employed with Defendant.

**ANSWER:**

13.  Was Plaintiff's job performance ever evaluated by Defendant? If so, please state:

    (a)  the name and title of the person(s) evaluating Plaintiff's performance;

    (b)  the date, time, place and method of evaluation;

    (c)  the content or substance of the evaluation; and

    (d)  provide copies of any written evaluations in Your possession.

**ANSWER:**

14.  Were any disciplinary actions ever taken against Plaintiff while he was employed with Defendant? If so, please state:

    (a)  the date(s) of the occurrence(s) which gave rise to the action(s);

    (b)  the event(s) which gave rise to the action(s);

    (c)  the specific nature of the action(s) taken against Plaintiff;

    (d)  the date of the disciplinary action(s);

    (e)  the name(s), address(es) and title(s) of each person involved in the issuance of the disciplinary action(s); and

  (f) provide copies of all disciplinary notices given to Plaintiff.

**ANSWER:**

15. Please provide the yearly salaries and commission payments for salesmen employed by Sheridan Nissan from 2002 to the present.

**ANSWER:**

16. Please discuss all complaints of harassment and/or discrimination from Plaintiff, including:

  (a) the nature of the complaint(s);

  (b) the date each complaint was made;

  (c) to whom each complaint was made;

  (d) the action(s) taken regarding each complaint made; and

  (e) the final outcome of each complaint made.

**ANSWER:**

17. Please discuss in detail Defendant's corporate policy, if any, on harassment and/or discrimination.

**ANSWER:**

18. Please discuss in detail Defendant's corporate policy, if any, on termination of employees, and what procedures, if any, exist.

**ANSWER:**

19. Identify each person who participated in the decision to hire Plaintiff, as to each person identified please state:

    (a) his or her job description at the time Plaintiff was hired;

    (b) the nature of his or her participation in the decision to hire Plaintiff;

    (c) whether any writings related to their participation in the decision to hire Plaintiff and produce such writings.

**ANSWER:**

20. Do You contend that, prior the termination of Plaintiff's employment, Plaintiff job performance was criticized by any person? If so please:

    (a) identify each person who criticized Plaintiff's job performance;

    (b) describe the criticism of Plaintiff's job performance;

    (c) identify each person who witnessed any criticism of Plaintiff's job performance

    (d) identify each writing relating to criticism of Plaintiff's job performance.

**ANSWER:**

21. Identify each individual employed by Sheridan Nissan as a salesman from the year 1995 to present and identify such individuals' race.

**ANSWER:**

22. Identify each individual employed by Sheridan Nissan as a finance manager from the year 1995 to present and identify such individuals' race.

**ANSWER:**

23. Identify each individual employed by Sheridan Nissan as an assistant finance manager from the year 1995 to present and identify such individuals' race.

**ANSWER:**

24. Did any of Plaintiff's supervisors or any other employee of Yours keep an "unofficial" file on Plaintiff, including documents that are not contained in the official personnel record? If Your answer is "yes," please identify who kept such a file and produce copies of documents contained in each such "unofficial" file.

**ANSWER:**

23. Discuss the method in which managers at Sheridan Nissan decide which salesmen will be given "bone deals" (easy sales that the managers pass off to salesmen).

**ANSWER:**

24. Identify each individual who was offered a position as finance manager or assistant finance manager at Sheridan Nissan from November 2004 through February 2005 and for each such individual discuss the reasons why that individual was offered the position as well as the qualification possessed by that individual upon which the decision was based.

**ANSWER:**

MARTIN & WILSON, P.A.

_/s/ Timothy J. Wilson_
Timothy J. Wilson, Esquire (DE #4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
(302) 777-5803 facsimile
twilson@martinandwilson.com
Attorney for Plaintiff

Dated: June 27, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVIN BAISDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-304 (GMS) |
| ) | |
| SHERIDAN NISSAN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that two (2) true and correct copies of the foregoing *Plaintiff's First Set of Interrogatories Directed to Defendant* were Efiled via CM/ECF and transmitted via facsimile, and sent via U.S. Postal Service, first class postage prepaid on June 29 2007, to the following:

Megan Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
(302) 658-6537 facsimile
mmantzavinos@mooclaw.com

MARTIN & WILSON, P.A.

_____
Timothy J. Wilson, (# 4323)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4681
(302) 777-5803 fax
*Attorney for Plaintiff*

Dated: June 27, 2007