IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVIN BAISDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-304 (GMS) |
| | ) |
| SHERIDAN NISSAN, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION OF FACTS

Pursuant to Federal Rule of Civil Procedure 36 and Local District Court Civil Rule 26.1, Plaintiff Melvin Baisden ("Plaintiff"), by and through his undersigned counsel, hereby requests Defendant Sheridan Nissan ("Defendant" or "Sheridan"), to admit the truth of the following Requests for Admission.

The purpose of Plaintiff's First Requests for Admission of Facts is to have Defendant reveal everything presently known by Defendant that bears on Defendant's refusal to admit, or qualification of Defendants' admission.  Plaintiff will, at the time of trial move the Court for an order excluding from evidence all tangible or intangible items known to Defendant at the time of Defendant's responses to Plaintiff's First Request for Admission of Facts, Interrogatories and Requests for Production of Documents and not disclosed in Defendant's responses thereto.

### DEFINITIONS

A.   The term "You," "Your," and "Yourself" refers to Defendant Sheridan Nissan and any agent(s) or representative(s), including Defendant's attorneys, acting on Defendant's behalf.

B.  The term "Plaintiff" refers to Plaintiff Melvin Baisden and any agent or representative acting on Plaintiff's behalf.

C.  The term "Defendant" refers to Defendant Sheridan Nissan.

## INSTRUCTIONS

A.  If Your response to any of Plaintiff's First Requests for Admission of Facts is other than an unqualified admission, state for each such request for admission the following:

(1)  All facts (not opinions) that You contend support in any manner Your refusal to admit or the qualification of Your admission;

(2) Identify all documents, notes, reports, memoranda, electronic and tape recordings, photographs, oral statements, and any other intangible or tangible thing that supports in any manner Your refusal to admit or Your qualification of your admission;

(3) The name and address of the custodian of each document identified in response to subpart (2) above; and

(4) The names and addresses of all people, including consultants, purporting to have any knowledge or factual data upon which You base Your refusal to admit or the qualification of Your admission.

## REQUESTS FOR ADMISSION

1.  Admit that in 2004 Dan Hall was terminated as General Manager of Sheridan Nissan.

**ANSWER:**

2.  Admit that in 2004, Chris Blaylock became acting General Manager.

**ANSWER:**


3.  Admit that when a salesman comes to an agreement with a customer he must secure a signature of a manager approving the agreement.

**ANSWER:**


4.  Admit a salesman must securing the manager's signature on an agreement for the sale of a vehicle prior to taking that customer's trade vehicle to the used car building at Sheridan Nissan to have that vehicle appraised.

**ANSWER:**


5.  Admit that on November 27, 2004, Plaintiff came to an agreement to sell a car to a customer.

**ANSWER:**


6.  Admit that Allan McCormick was a Caucasian sales manager.

**ANSWER:**


7.  Admit that on November 27, 2004 Allan McCormick questioned Plaintiff about his alleged failure to show a customer the "machine."

**ANSWER:**

8. Admit that as of November 27, 2004, Plaintiff had never been trained on using the "machine."

**ANSWER:**

9. Admit that on November 27, 2004, Allan McCormick refused to provide Plaintiff with the required signature to make a sale on an automobile because Plaintiff did not have a receipt from the "machine." that he would not provide Plaintiff with the signature required to complete the sale.

**ANSWER:**

10. Admit that on November 27, 2004, Mr. Yang refused to provide Plaintiff with the required signature to make a sale on an automobile because Plaintiff did not have a receipt from the "machine." that he would not provide Plaintiff with the signature required to complete the sale.

**ANSWER:**

11. Admit that prior to November 27, 2004, Sheridan had not provided Plaintiff with training on how to operate the "machine."

**ANSWER:**

12. Admit that on November 29, 2004 Mr. Yang presenting Plaintiff with two disciplinary letters.

**ANSWER:**

13. Admit that the disciplinary letters indicated that the infraction that Plaintiff allegedly did was that he failed to show the customers the service department.

**ANSWER:**

14. Admit that there was no mention of his failure to obtain a receipt from the "machine."

**ANSWER:**

15. Admit that during this meeting on November 29, 2004, Mr. Yang indicated that Plaintiff should have taken it upon himself to learn how to operate the "machine."

**ANSWER:**

16. Admit that as of November 29, 2004, Mr. Yang claimed that he knew how to operate the "machine."

**ANSWER:**

17. Admit that as of November 29, 2004, Mr. Yang did not know how to operate the "machine."

**ANSWER:**

18. Admit that as of November 27, 2004, other non African-American salesmen did not obtain a receipt from the "machine" for every sale that they entered into on behalf of Sheridan.

**ANSWER:**

19. Admit that as of November 27, 2004 other non African-American salesmen were not given disciplinary letters for their failure to obtain a receipt from the machine.

**ANSWER:**

20. Admit that as of November 27, 2004 other non African-American salesmen received different discipline that did Plaintiff for their failure to obtain a receipt from the "machine" when entering into a sale on behalf of Sheridan.

**ANSWER:**

21. Admit that as of November 27, 2004 the machine was not operable.

**ANSWER:**

22. Admit that Plaintiff did not receive training on the "machine" on or about November 29, 2004 because the "machine" was not operable.

**ANSWER:**

23. Admit that subsequent to November 29, 2004, Sheridan announced that any further failure to obtain a receipt from the "machine" by salesmen would result in a $1.00 fine.

**ANSWER:**


24. Admit that Justin Bellinzoni was a Sheridan employee during December 2004.

**ANSWER:**


25. Admit that Sheridan became aware of an argument between Plaintiff and Justin Bellinzoni on or about December 11, 2004.

**ANSWER:**


26. Admit that Plaintiff reported the argument with Justin Bellinzoni on December 11, 2004.

**ANSWER:**


27. Admit that Plaintiff reported that he had been threatened by Justin Bellinzoni on December 11, 2004.

**ANSWER:**


28. Admit that Plaintiff received another disciplinary letter/notification on December 11, 2004 shortly after the argument between Plaintiff and Justin Bellinzoni.

**ANSWER:**

29. Admit that Justin Bellinzoni is Caucasian.

**ANSWER:**

30. Admit that Justin Bellinzoni received no discipline for his participation in the argument with Plaintiff.

**ANSWER:**

31. Admit that the disciplinary letter given to Plaintiff pertained to alleged actions that occurred approximately one to two weeks prior to December 11, 2004.

**ANSWER:**

32. Admit that Defendant did not plan on disciplining Plaintiff until the argument between Plaintiff and Justin Bellinzoni occurred.

**ANSWER:**

33. Admit that Mr. McCormick and Mr. Blaylock told Plaintiff that they would give him no more easy sales, otherwise known as "bone deals."

**ANSWER:**

34. Admit that Mr. McCormick and Mr. Blaylock told Plaintiff that in the future they would give the easy sales, otherwise known as "bone deals" to Justin Bellinzoni.

**ANSWER:**

35. Admit that in December 2004 Sheridan advertised and/or was looking to fill a finance manager position.

**ANSWER:**

36. Admit that Plaintiff applied for a finance manager position with Sheridan in December 2004.

**ANSWER:**

37. Admit that Mr. McCormick told Plaintiff that they would not consider him for the position in December 2004.

**ANSWER:**

38. Admit that Mr. Blaylock told Plaintiff that they would not consider him for the position in December 2004.

**ANSWER:**

39. Admit that Plaintiff did not receive the finance manager position.

**ANSWER:**

40. Admit that in December 2004 Sheridan advertised and/or was looking to fill an assistant finance manager position.

**ANSWER:**


41. Admit that Plaintiff applied for the assistant finance manager position with Sheridan in December 2004.

**ANSWER:**


42. Admit that Mr. McCormick told Plaintiff that they would not consider him for the assistant finance manager position in December 2004.

**ANSWER:**


43. Admit that Mr. Blaylock told Plaintiff that they would not consider him for the assistant finance manager position in December 2004.

**ANSWER:**


44. Admit that Plaintiff did not receive the assistant finance manager position.

**ANSWER:**


45. Admit that Plaintiff was qualified for the finance manager position in December 2004.

**ANSWER:**

46. Admit that Plaintiff was qualified for the assistant finance manager position in December 2004.

**ANSWER:**

47. Admit that a Caucasian was hired to fill the finance manager position.

**ANSWER:**

48. Admit that a Caucasian was hired to fill the assistant finance manager position.

**ANSWER:**

MARTIN & WILSON, P.A.

_____
Timothy J. Wilson, Esquire (DE #4323)
1508 Pennsylvania Avenue
Wilmington, DE 19806
(302) 777-4681
Attorney for Plaintiff

DATED: June 29, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELVIN BAISDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIDAN NISSAN, )<br>)<br>)<br>Defendant. ) | Civil Action No. 06-304 (GMS) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that two (2) true and correct copies of the foregoing *Plaintiff's First Requests for Admission of Facts* were mailed U.S. Postal Mail and transmitted via facsimile and sent via electronic mail on June 29, 2007, to the following:

Megan Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
(302) 658-6537 facsimile
mmantzavinos@mooclaw.com

MARTIN & WILSON, P.A.

_____
Timothy J. Wilson, (# 4323)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4681
(302) 777-5803 fax
*Attorney for Plaintiff*

Dated: June 29, 2007